UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| RODICA MICHELLE HOLLOWAY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV420-313 |
| KILOLO KIJAKAZI,[1] | ) ) ) |
| Defendant. | ) ) |

# ORDER

Proceeding *pro se* and *in forma pauperis*, plaintiff Rodica Michelle Holloway has filed a Complaint against the Commissioner of the Social Security Administration seeking court review of an adverse decision by the Social Security Administration related to her Disability Insurance Benefits Claim. *See generally* doc. 1. The Clerk issued a Summons on December 13, 2021. Doc. 7. Holloway filed a motion for entry of default, doc. 8, and a motion for default judgment, doc. 9, on March 28, 2022.

Federal Rule 55 governs default judgments. *See* Fed R. Civ. P. 55. An "entry of default," is appropriate "[w]hen a party against whom a

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. The Clerk is **DIRECTED** to substitute her for Andrew Saul as the defendant in this suit pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." Fed. R. Civ. P. 55(a). Before default may be entered, among other requirements, the court must have personal jurisdiction over the defendants. *See CNH Capital Am., LLC v. Southeastern Aggregate, Inc.*, 2009 WL 3172353, at *3 (S.D. Ga. Oct. 1, 2009) (citing *Patray v. Northwest Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996)). "Serving a summons or filing a waiver of service establishes personal jurisdiction over a[n otherwise proper] defendant . . . ." Fed. R. Civ. P. 4(k). Holloway's motion for entry of default alleges that the "complaint was mailed by certified mail December 23, 2020 to the defendant." Doc. 8 at 2. Her motion for default judgment clarifies that the certified mail was addressed to the "Office of the Regional Chief Counsel, Region IV, Social Security Administration." Doc. 9 at 8. Mailing a copy of the Complaint to the Administration, without more, is not sufficient service. *See* Fed. R. Civ. P. 4(i).

Because Holloway is suing the Commissioner of Social Security (a federal employee sued in an official capacity), service is only proper if a copy of the summons and complaint is served on three entities: the United States Attorney for the Southern District of Georgia, the Attorney

General of the United States, and the Commissioner of Social Security. *See* Fed. R. Civ. P. 4(i). While Plaintiff asserts that she has mailed a copy of the Complaint to the Administration,[2] there is no indication that Plaintiff served the United States attorney for this District or sent a copy to the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1). "Before a default can be entered, . . . the party must have been *effectively* served with process." 10A Fed. Prac. & Proc. Civ. § 2682 (4th ed. 2022) (emphasis added); *see also Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service."). Since the defendant has not been properly served, the motion for entry of default is **DENIED**. Doc. 8. The motion for default judgment is **DISMISSED** as moot. Doc. 9.

Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within [ninety days]." Fed. R. Civ. P. 4(c)(1), (m). The Court notes that the ninety-day period for service provided by Rule 4(m) has expired. Rule 4(m) gives the Court the authority to dismiss a Complaint for that failure. However,

---

[2] Because the plaintiff has failed to establish effective service pursuant to Fed. R. Civ. P. 4(i), the Court does not reach the issue of whether her assertion that she served the "complaint" on the Administration, contained in an undated "Affidavit" which is signed but not notarized, meets the requirements of Rule 55(a).

the Rule also grants the Court discretion to extend the time for service of process even in the absence of a showing of good cause. *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005). The Court exercises that discretion and affords the Plaintiff an additional 30 days in which to effect service pursuant to Rule 4(i).

Alternatively, a plaintiff authorized to proceed in forma pauperis is entitled to service by the United States marshal or deputy marshal, "[a]t the plaintiff's request." Fed. R. Civ. P. 4(c)(3); *see Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) ("[T]he district court may require plaintiffs proceeding in forma pauperis to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant."); *see also*, 4A Fed. Prac. & Proc. Civ. § 1090 (4th ed. 2022) ("Service of a summons and complaint by a marshal must be utilized—if requested by the plaintiff—when the plaintiff is proceeding in an action in forma pauperis . . . ."). The Court construes Plaintiff's request for, and the Clerk's issuance of, a summons as an indication that she intends to be responsible for service upon the Commissioner. To the extent that she

instead wishes to elect marshal service, she is directed to file a motion formally requesting such service no later than June 28, 2022.

**SO ORDERED,** this 13th day of June, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA